JOSEPH RAN *v.* L. LATHAM et al.

The maker, or endorser, in an action on a note, in the absence of any equity existing against the payee, cannot question the title of the holder.

The equities which defendant is entitled to plead, are such as operate in his own favor, not those which belong to a party to whom he is liable. LEA, J.

APPEAL from the Fourth District of New Orleans, *Reynolds,* J.

*Schmidt,* for plaintiff. *Michel,* one of the defendants, in *pro. per.*

VOORHIES, J.* The plaintiff, as endorsee, sued *L. Latham* and *H. L. Marshall,* as makers, and *J. J. Michel,* the payee, and *T. P. McMillan,* as endorsers of a promissory note.

*Latham* and *Michel* answered separately, the former by pleading that the plaintiff was not the *bona fide* owner and holder of the note declared upon; and the latter, among other things, " that said note, after maturity was, and is now, the property of *Elisha Crocker,* and that the same has been paid and extinguished by *John P. McMillan,* acting for his wife, in a settlement with *Elisha Crocker.*" No plea was filed by either of the other defendants.

There was judgment in favor of the plaintiff against the defendants *in solido,* and *Michel* alone appealed.

We do not think there is any error in the judgment of the court below. The averment of the appellant discloses no equitable defence, not even against *Crocker,* the alleged owner of the note. If the latter had any right to the note, as shown by his own testimony, it was that of pledge. The defence is clearly inadmissible under the well settled principle, that the maker, or endorser, in an action on a note, in the absence of any equity against the payee, cannot question the title of the holder.

It is therefore ordered and decreed, that the judgment of the court below be affirmed, with costs.

LEA, J. It is shown that the plaintiff in this suit is acting as the mere agent of *Crocker.* The endorser might therefore set up any equitable defence to which he was entitled as against *Crocker,* but it does not appear that *Crocker* has been paid, though he holds securities which, until recently, have been the subject of a litigation between himself and *McMillan.* The defence, therefore, as against *Crocker,* is not made out. It is proper to remark, however, that even if payment by *McMillan,* who was the defendants' endorsee and had therefore an interest in discharging the obligation, had been proved, it would not operate as a discharge of the defendant, until he had shown that he was an endorser for the accommodation of *McMillan,* which nothing in the evidence establishes. The equities which a defendant is entitled to plead, are such as operate in his own favor, not those which belong to a party to whom he is himself liable.

I concur in the judgment which has been rendered, but prefer to place my assent on the above grounds.

---

*SPOFFORD, J., took no part in this decision.